**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 20-1477

BETZY MILEA GONZALEZ BARRERA,

Petitioner,

v.

MERRICK B. GARLAND,[*]
UNITED STATES ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Selya and Kayatta, Circuit Judges.

Jeffrey B. Rubin, Todd C. Pomerleau, Kimberly A. Williams, and Rubin Pomerleau PC on brief for petitioner.
Jeffrey Bossert Clark, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Emily Anne Radford, Assistant Director, Office of Immigration Litigation, and David J. Schor, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Merrick B. Garland has been substituted for former Attorney General William P. Barr as the respondent.

May 17, 2021

**PER CURIAM.** After careful consideration of the administrative record, the decisions of the immigration judge (IJ) and the Board of Immigration Appeals (BIA), and the parties' briefs, we summarily deny the petition for judicial review. We add only a few brief comments.

With respect to the petitioner's due process claim, the record bears out that the IJ limited the time allotted for direct examination. Nevertheless, the IJ announced this limitation after the petitioner's counsel told the IJ that the petitioner was only going to testify to matters already covered in her written submissions. Perhaps more importantly, the petitioner does not indicate what other information she would have provided had she been permitted to testify at greater length on direct examination. Since a due process violation requires a showing of prejudice, see Lopez-Reyes v. Gonzales, 496 F.3d 20, 23 (1st Cir. 2007) ("Absent cognizable prejudice, there is no due process claim."), this omission alone is fatal to her due process claim.

So, too, the petitioner's claims for asylum and withholding of removal fail. In her testimony and her accompanying submissions, the petitioner admitted that she did not know who threatened her or why she was threatened. According to her account, the written threat that she received was anonymous and the persons that she heard on her rooftop were unknown to her. Absent some evidence tying the alleged harm to a statutorily

protected ground, her claims for asylum and withholding of removal are unavailing.  See 8 U.S.C. § 1231(b)(3)(A); Sanchez-Vasquez v. Garland, 994 F.3d 40, 47 (1st Cir. 2021) (stating, with respect to an asylum claim, that "[a] causal connection exists only if the statutorily protected ground...was 'one central reason' for the harm alleged" (quoting Singh v. Mukasey, 543 F.3d 1, 5 (1st Cir. 2008)); see also Lopez de Hincapie v. Gonzales, 494 F.3d 213, 220 (1st Cir. 2007) (indicating that similar nexus requirement applies to withholding of removal).

Nor does the petitioner's claim under the United Nations Convention Against Torture (CAT) demand a different result.  With respect to that claim, she makes no developed argument in her appellate brief beyond her due process claim (which we already have rejected).  This lack of developed argumentation perforce operates to defeat her CAT claim.  See Ahmed v. Holder, 611 F.3d 90, 98 (1st Cir. 2010) (deeming CAT claim waived where petitioner "formulated [no] developed argumentation in support of that claim"); see also United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Finally, we discern no abuse of discretion in the rejection of the petitioner's claim for humanitarian asylum by the BIA.  As the BIA noted, the petitioner did not raise this subject

before the IJ, and the petitioner points to no material change in circumstances between the time of the hearing before the IJ and the time of her belated request for humanitarian asylum before the BIA. Cf. Makhoul v. Ashcroft, 387 F.3d 75, 80 (1st Cir. 2004) (holding that alien who did not raise claim of past persecution before IJ was precluded from raising it on petition for judicial review). Although the petitioner cites Matter of L-S-, 25 I&N Dec. 705 (BIA 2012), in contending that adjudicators ought to consider whether aliens are eligible for humanitarian asylum, the petitioner omits the preceding statement that "every asylum applicant who arrives at this stage of the analysis has demonstrated past persecution," id. at 709. Given the petitioner's inability to identify either the source of the claimed threat against her or to establish why she was threatened, see supra, she has not shown even a prima facie eligibility for humanitarian asylum. See Martínez-Pérez v. Sessions, 897 F.3d 33, 42 (1st Cir. 2018) (explaining that a showing of past persecution is a prerequisite for a grant of humanitarian asylum).

We need go no further. For the reasons elucidated above, the petition for judicial review is summarily

**Denied**. See 1st Cir. R. 27.0(c).